**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | **Case No.:** |
| Plaintiff, | CIVIL ACTION |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| VERSAILLES MEDICAL SPA, LLC, MARIE SAADE, DENNIS A. BOUBOULIS, and ROBIN NYE, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, Admiral Insurance Company ("Admiral"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against Defendants, Versailles Medical Spa, LLC, Marie Saade, Dennis A. Bouboulis, and Robin Nye (together referred to herein as "the Versailles Insureds"), and states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. In this declaratory action, Admiral seeks a declaration of its rights and obligations as to its insureds, the Versailles Insureds, under its insurance policy in connection with an underlying tort case currently pending in the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford, which is entitled *Lillian Voigt v. Robin Nye, RN, Versailles Medical*

1

*Spa, LLC, Marie Saade, and Dennis A. Bouboulis* (the "Underlying Action").

3. Admiral issued Claims-Made Medical Spa Professional Liability Policy. No. EO000033665-02 to Versailles Medical Spa, LLC for the policy period of May 17, 2017 to May 17, 2018. A copy of the Policy is attached hereto as **Exhibit A**.

4. The Policy affords coverage, among other things, for Professional Liability, subject to a limit of $1 million each claim and $3 million in the aggregate, subject to a $2,500 per claim deductible.

5. Admiral has been providing a defense to the Versailles Insureds in the Underlying Action pursuant to a reservation of rights.

6. Admiral has learned that there is no coverage under the Policy because the underlying claim was first made against the Versailles Insureds prior to the policy period of Admiral's Policy.

7. Accordingly, a dispute as to coverage, including whether Admiral owes the Versailles Insureds a defense in the Underlying Action, exists.

8. Admiral hereby seeks a declaration that it does not have a duty to defend or indemnify the Versailles Insureds in the Underlying Action.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff, Admiral, is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

10. Upon information and belief, Defendant, Versailles Medical Spa, LLC, is a State of Connecticut-registered LLC, with its principal place of business located in Connecticut.

11. Upon information and belief, Defendant, Marie Saade, is a resident of the State of Connecticut.

12. Upon information and belief, Defendant, Dennis A. Bouboulis, is a resident of the State of Connecticut.

13. Upon information and belief, Defendant, Robin Nye, is a resident of the State of Connecticut.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201, and §2202 because: (i) there is an actual controversy between parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

15. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391 because this complaint is based upon an underlying action that is currently pending in state court in the District.

## BACKGROUND

16. In the Underlying Action, Underlying Plaintiff, Lillian Voigt, has asserted that the Versailles Insureds provided medical and spa services, and supervised Defendant Nye, who provided Intense Pulse Light (IPL) treatment and subsequent care to the Plaintiff Voigt between August 2016 and January 2017.

17. Underlying Plaintiff Voigt further alleged that, in August 2016, she received IPL treatment for brown spots on her legs from the Versailles Insureds.

18. After the Procedure, Voigt's legs allegedly were red, burning, and bleeding.

19. In a September 29, 2016 email from Voigt to Insureds, Voigt stated: "I would like to discuss my legs with you and Marie. They are completely discolored. I will attach more photos. It has been 5 weeks today since the procedure. I am appalled at your lack of concern. You have not answered my emails about which lights you have, what the company has said about scaring or what I

should be doing to help the healing process.  Obviously, my legs were severally burned.  I would have expected you to take some responsibility for it and to have helped me.  They were incredibly painful for 4 weeks.  I would like to be reimbursed for the procedure and for all of the expenses I have incurred taking care of my legs this far and the ones going forward.  I am happy to come in or speak to you or on the phone if you are not comfortable emailing."

20. On September 30, 2016, Voigt met with Defendant Saade, owner of Versailles Medical Spa, to discuss Voigt's concerns with the treatment she received as well as the condition of her legs.  Between October 7, 2016 and January 30, 2017, Versailles Medical Spa provided continuing treatment to Voigt, including twenty-one treatments of the marks on her legs caused by the initial procedure.

21. A copy of the complaint in the Underlying Action is attached hereto as **Exhibit B**.

22. The Policy contains the following pertinent provisions:

SECTION I.  INSURING AGREEMENTS

COVERAGE A.  PROFESSIONAL LIABILITY

We will pay on behalf of the Insured those amounts, in excess of the PL Deductible and subject to the Limit of Liability for Professional Liability shown on the Declarations, which the Insured becomes legally obligated to pay as Damages and Claim Expenses which directly result from a Professional Incident taking place within the Policy Territory, subsequent to the retroactive date shown in the Declarations and prior to the expiration or termination date of this Policy, for which a Claim is first made against the Insured during the Policy Period and reported to us in writing during the Policy Period or any applicable Extended Reporting Period, as described in SECTION IX, EXTENDED REPORTING PERIOD.

\*      \*      \*

SECTION III.  THE COMPANY'S RIGHTS AND DUTIES.

We have the right and duty to defend and pay on behalf of the Insured any Claim Expenses directly resulting from any covered Claim to which this Policy applies and will do so even if the allegations of the Claim arc groundless, false or fraudulent including the right to appoint counsel to defend the Insured. We may make such investigation of any Claim as we deem

4

expedient. Our right and duty to defend ends when we have used up the applicable Limit of Liability in the payment of Damages and/or Claim Expenses or have tendered the applicable Limit of Liability to a court of competent jurisdiction. We have no obligation or duty to defend any Claim for which coverage is excluded or not afforded by this Policy and we are not obligated to pay any Claim Expenses incurred by the Insured in the defense of any Claim not covered by this Policy.

\*      \*      \*

E.    Claim means:

   1.   A written demand received for money or services by any Insured resulting from a Professional Incident, Sexual Abuse and Molestation, Network Security and Data Privacy Wrongful Act, or Media Wrongful Act;

   2.   Service of a Suit, or

   3.   Related Claims.

   \*      \*      \*

   EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

We shall not be liable to defend, pay, indemnify or reimburse the Insured with respect to any Claim or Event, based upon, resulting from, arising out of, in consequence of or in any way in connection with or involving, directly or indirectly:

A. Prior Knowledge

   1.   Any actual or alleged Claim, Event, fact, circumstance, subject, decision, transaction, situation or cause which has been reported, noticed or identified to any other insurance carrier, third party administrator or claims handler under any other insurance policy, application or agreement.

   2.   Any actual or alleged Claim or, Event, fact, circumstance, subject, decision, transaction, situation or cause of which the person signing the Application for this Policy or any of the Insured's current, former or future director, Chief Executive Officer, Chief Medical Officer, Chief Operating Officer, Chief Financial Officer, Chief Technology Officer, Chief Privacy Officer, President, or equivalent position was aware prior to the effective date of this Policy or any other Policy issued by us if such Claim, Event, fact,

        circumstance, subject, decision, transaction, event, situation or cause could reasonably have been expected to give rise to a Claim or Event.

3. Any actual or alleged Claim or Event committed or which took place in whole or in part before the retroactive date shown on the Declarations,

4. Any prior or pending litigation, Claim, Event, fact, circumstance, subject, decision, transaction, situation, cause, proceeding or investigation made, presented, transmitted, filed or commenced on or before the effective date of this Policy, or alleging or derived from the same litigation, Claim, or Event, fact, circumstance, subject, decision, transaction, situation, cause, proceeding or investigation underlying or alleged therein . . . .

    \*    \*    \*

SECTION X. REPORTING OF CLAIMS, EVENTS AND INCIDENTS

5. All notices of Claims, Events or Incidents, must provide the following information; the potential claimant(s) by name or description, the names of the Insureds involved, the time, date, location and the description of the specific incident which forms the basis of the Claim, Event or Incident including the nature or the potential Damages arising from such specific Claim or Incident, the circumstances by which the Insured first became aware of the specific Claim, Event or Incident; and the reason the Insured reasonably believes the specific incident is likely to trigger coverage under this Policy.

*See* Policy (Exhibit A) at pages 1, 3, 4, 10 and 17 of 18.

**FOR A FIRST CLAIM FOR DECLARATORY JUDGMENT THAT THE POLICY DOES NOT COVER THE UNDERLYING ACTION**

23. Admiral adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. The Policy only provides coverage if its Insuring Agreement is complied with, its provisions satisfied, and its Exclusions inapplicable.

24. The Policy's Insuring Agreement was not complied with here, its provisions were not

6

satisfied here, and an Exclusion applies.

25. Accordingly, Admiral is entitled to a Declaratory Judgment that The Versailles Insureds are not entitled to defense or indemnity coverage here.

### FOR A SECOND CLAIM FOR DECLARATORY JUDGMENT THAT THE POLICY DOES NOT PROVIDE COVERAGE BASED ON THE POLICY'S INSURING AGREEMENT NOT BEING SATISFIED

26. Admiral adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

27. The Policy's Insuring Agreement only provides coverage "for which a Claim is first made against the Insured during the Policy Period".

28. The Claim at issue was first made against The Versailles Insureds via the September 29, 2016 email.

29. The Policy's Insuring Agreement is not satisfied because the Claim was not first made against the Insured during the Policy Period; rather, it was first made prior to the Policy Period.

30. Accordingly, Admiral is entitled to a Declaratory Judgment that The Versailles Insureds are not entitled to defense or indemnity coverage here.

### FOR A THIRD CLAIM FOR DECLARATORY JUDGMENT THAT THE POLICY DOES NOT PROVIDE COVERAGE BASED ON THE POLICY'S PRIOR KNOWLEDGE EXCLUSION

31. Admiral adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

32. The Policy's Prior Knowledge Exclusion states: "We shall not be liable to defend, pay, indemnify or reimburse the Insured with respect to any Claim or Event, based upon, resulting from, arising out of, in consequence of or in any way in connection with or involving, directly or

indirectly: A. Prior Knowledge."

33. The Versailles Insureds had prior knowledge of the Claim because the Claim at issue was first made to them via the September 29, 2016 email.

34. The Policy's Prior Knowledge Exclusion applies because The Versailles Insureds had prior knowledge of the Claim.

35. Accordingly, Admiral is entitled to a Declaratory Judgment that The Versailles Insureds are not entitled to defense or indemnity coverage here.

### FOR A FOURTH CLAIM FOR DECLARATORY JUDGMENT THAT THE POLICY DOES NOT PROVIDE COVERAGE BASED ON THE POLICY'S REPORTING OF CLAIMS PROVISION NOT BEING COMPLIED WITH

36. Admiral adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

37. The Policy's Reporting of Claims provision requires that the insureds provide, "the circumstances by which the Insured first became aware of the specific Claim."

38. The Versailles Insureds failed to provide the circumstances by which they first became aware of the Claim, including because they failed to inform Admiral of the September 29, 2016 email when they reported the Claim to Admiral.

39. Accordingly, Admiral is entitled to a Declaratory Judgment that The Versailles Insureds are not entitled to defense or indeminity coverage here.

WHEREFORE, ADMIRAL respectfully requests that this Honorable Court enter a judgment declaring that:

A. Admiral has no duty to defend The Versailles Insureds in connection with the Underlying Action.

B. Admiral has no duty to indemnify The Versailles Insureds in connection with the Underlying Action.

C. Admiral may immediately cease from providing a defense to the Versailles Insureds.

D. Award Admiral such other relief as may be warranted.

Dated: April 27, 2020

Respectfully submitted,

*/s/ ct 27130*

Paul G. Roche, ct 27130
Litchfield Cavo LLP
82 Hopmeadow Street,| Suite 210
Simsbury, CT 06089
Telephone: (860) 413-2713
Facsimile: (860) 413-2801
E-mail: roche@litchfieldcavo.com
Attorney for Admiral Insurance Company