**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Admiral Insurance Co.,       Plaintiff, | Civil No. 3:20-cv-00568 (JCH) |
| v. | |
| Versailles Medical Spa, LLC et al.,       Defendants. | January 12, 2021 |

**RULING ON DEFENDANTS' MOTION TO COMPEL [ECF No. 38]**

The defendants in this insurance declaratory judgment action, Versailles Medical Spa, LLC and Marie Saade ("Defendants"), have moved the Court for an order compelling the plaintiff, Admiral Insurance Co. ("Admiral"), to comply with interrogatories and requests for production. (ECF No. 38, 38-4, 38-5.) For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART** as set forth more fully below.

**1. Background**

The Defendants operate an aesthetic medicine practice. A patient named Lillian Voigt filed suit against them in the Connecticut Superior Court, alleging that their treatment of her skin condition was negligent. (ECF No. 1-2.) The Defendants had previously obtained a liability insurance policy with Admiral (ECF No. 1-1), and they tendered the defense of the Voigt lawsuit to Admiral. For a time, Admiral paid the law firm of Morrison, Mahoney and Miller ("MMM") to defend the suit. Then, Admiral withdrew its defense, claiming to have learned that Voigt's claim predated the inception of its policy. Admiral now seeks a declaratory judgment that it has no duty to defend or indemnify the Defendants from Voigt's lawsuit. (ECF No. 1, at 9.)

Admiral's complaint is pled in four counts. The first count is a catch-all; it seeks a declaration of no coverage because "[t]he Policy's Insuring Agreement was not complied with here, its provisions were not satisfied here, and an Exclusion applies." (*Id.* ¶¶ 23-25.) The second count is more focused, and seeks a declaration of no coverage on the specific ground that "[t]he Claim at issue was first made against" the Defendants in September 2016, prior to the inception of its claims-made policy. (*Id.* ¶¶ 26-30.) The third count seeks a declaration that coverage is barred by the policy's "Prior Knowledge" exclusion. (*Id.* ¶¶ 31-35.) And the fourth count alleges that coverage is barred by the Defendants' failure to comply with the policy's "Reporting of Claims provision." (*Id.* ¶¶ 36-39.) Admiral later moved for summary judgment, and in its summary judgment motion it contended that the Defendants' failure to disclose the Voigt claim on their insurance application violated the policy's "Application Condition." (ECF No. 26-1, at 16-18.)

The Defendants asserted four counterclaims against Admiral. (ECF No. 23.) Their first counterclaim sought an "Order that Admiral be caused to continue to defend their interests until the conclusion of the Voigt action, along with costs and fees incurred." (*Id.* ¶¶ 40-77.) Their second counterclaim alleged that Admiral acted in bad faith when it stopped paying MMM to defend them, without "even exploring why the Voigt action was not reasonably considered an event or claim by defendants" in 2016.[1] (*Id.* ¶¶ 78-84.) The third counterclaim alleged in substance that Admiral's duty of good faith included a duty to competently manage the Voigt litigation, and that Admiral breached that duty and acted in bad faith when it mishandled the pleading and discovery phases of the lawsuit. (*Id.* ¶¶ 86-106.) Fourth and finally, the Defendants asserted that Admiral conducted itself in bad faith when it denied coverage without first considering whether

---

[1] Admiral says that it has since resumed paying MMM under a reservation of rights. (ECF No. 1, ¶ 5.)

Voigt's claims about her scalp and forehead merited a different coverage analysis than her claims about other parts of her body. (*Id.* ¶¶ 107-18.) Admiral elected to answer the counterclaims rather than move to dismiss and stay discovery on them. (ECF No. 25.)

The parties held their Rule 26(f) conference on June 11 and September 10, 2020. (ECF No. 21, at 2.) The Defendants notified Admiral that they would seek discovery of "claims, underwriting and coverage files, and related billing records, plus correspondence to and from the insurance broker, Sprague Israel, plus policy and/or procedure manuals applicable to the issues in the case and correspondence with" MMM. (*Id.* at 7.) Evidently contending that its policy is unambiguous in all material respects, Admiral stated that it did "not believe that any discovery will be necessary, other than compliance with Federal Rule of Civil Procedure 26(a)(1)." (*Id.*) Admiral added that it "reserve[d] the right to object to any discovery sought by Defendants." (*Id.*)

The Defendants served interrogatories and requests for production on October 16, 2020. (ECF No. 38-4, 38-5.) Admiral responded on November 16, 2020. (ECF No. 38-9, 38-10.) Admiral answered six interrogatories and objected to a seventh. (ECF No. 38-10.) It objected to virtually all of the Defendants' requests for production, generally on the claimed ground that they were "irrelevant, immaterial . . . unduly burdensome, overbroad and vague." (*E.g.,* ECF No. 38-9, Req. No. 1.) Admiral also objected to nearly all of the requests on the ground that they inquired after information protected by the attorney-client privilege and work product doctrine. (*E.g., id.*) Admiral apparently believes that certain of its files are categorically privileged, and it therefore did not provide the Defendants with the privilege log required by Local Rule 26(e).

The Defendants claim to have been surprised by Admiral's objections. Although Admiral had expressly "reserve[d] the right to object to any discovery" in the Rule 26(f) report, the Defendants assert that "Plaintiff's counsel repeatedly assured defense counsel that the documents

3

would be provided." (ECF No. 38-1, at 2.) The Defendants accordingly filed the instant motion, arguing that Admiral should be compelled to live up to promises allegedly made during the Rule 26(f) conference, and claiming that Admiral's objections are unmeritorious in any event. (ECF No. 38.) Admiral opposes the motion (ECF No. 39), and the Defendants have filed a reply. (ECF No. 40.) Judge Hall referred the matter to the undersigned, and the Court held an hour-long oral argument on Friday, January 8, 2021. (ECF No. 44.) The motion is now ripe for decision.

## 2. Discussion

The Court begins by addressing those disputes that do *not* concern the relevance of the Defendants' discovery requests. As noted, the Defendants contend that Admiral's objections are in breach of a discovery agreement, but the Court rejects this argument because the Rule 26(f) report confirms that Admiral made no such agreement. (ECF No. 21, at ¶ D.1 ("Plaintiff does not believe that any discovery will be necessary," and "reserves the right to object to any discovery sought by Defendants.").) The Court also overrules Admiral's burdensomeness objections, because such objections ordinarily cannot be sustained without "affidavits or . . . evidence revealing the nature of the burden," *Pegoraro v. Marrero*, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012), and Admiral has provided no evidence of undue burden. Admiral has likewise submitted no evidence in support of its claim that certain of its files are categorically privileged or entitled to work product protection, nor has it plausibly explained how any of the Defendants' requests are too vague to respond to.

With these points addressed, what remains is the parties' dispute over the relevance of the Defendants' discovery requests. This dispute implicates well-settled principles. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is "relevant" if

"(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003). Information "within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). At the discovery stage, relevance "is an extremely broad concept." *Martino v. Nationstar Mortg. LLC*, No. 3:17-cv-1326 (KAD), 2019 WL 2238030, at *1 (D. Conn. May 23, 2019).

The Court begins with the Defendants' Request for Production No. 1 – their request for Admiral's underwriting file. (ECF No. 38-9.) Although insurance underwriting files are not discoverable in all cases, *see, e.g., Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007), courts in this district have held that they are subject to disclosure when the policyholder has "alleged ambiguity in the [insurer's] policy language *and* there has been no determination concerning whether the language at issue is ambiguous." *Thompson v. Nat'l Union Fire Ins Co. of Pittsburgh PA*, No. 3:14-cv-00259 (WWE/HBF), 2015 WL 753721, at *3 (D. Conn. Feb. 23, 2015) (emphasis in original). In such cases, "[t]he underwriting file is relevant to determining the risks that [the insurer] expected to cover in the policy, how it interpreted the various policy terms, and whether the terms of the policy are ambiguous in the first instance." *Id.* (quoting *Silgan Containers v. Nat'l Union Fire Ins. Co.*, No. C 09-05971 RS (LB), 2010 WL 5387748, at *8 (N.D. Cal. Dec. 21, 2010)); *accord Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, 297 F.R.D. 22, 29-30 (D. Conn. 2014) (ordering insurer to respond to discovery requests regarding underwriting and policy construction). In this case, Admiral devotes much of its brief to an argument that its *policy period* language is unambiguous, and not susceptible to the "prejudice" analysis that the Defendants urge. (ECF No. 39, at 4-6.) Yet that is not the only language that the Defendants assail. They also allege that "[t]he phrase 'professional incident'" –

which appears in their insuring agreement – "is ambiguous, in the context of medical treatment where complications and adverse results are inherent in care and occur despite proper care and may be remediable with further care." (ECF No. 24, ¶ 69.) The Court also notes that resolution of Admiral's third declaratory judgment count – the count seeking a declaration of no coverage pursuant to the "Prior Knowledge" exclusion – may require consideration of the meaning of the term "reasonably" in the context of that exclusion. (ECF No. 1-1, at 18 ("Prior Knowledge" exclusion is invoked, *inter alia*, if insured's officers are aware before policy inception of a "circumstance" that "could reasonably have been expected to give rise to a Claim").) And resolution of its Application Condition argument may require consideration of whether the Defendants' alleged omissions on the insurance application were "*material* to [its] decision whether to insure." *Pino v. Assur. Co. of Am.*, 52 F.3d 407, 409 (2d Cir. 2005) (emphasis added) (citing *State Bk. & Tr. Co. v. Conn. Gen. Life Ins. Co.*, 109 Conn. 67, 72 (1929)). In cases like this one, "an insured is entitled to explore what risks the insurer expects to cover in the policy" through discovery of underwriting materials. *Thompson*, 2015 WL 753721, at *4 (quoting *Silgan Containers*, 2010 WL 5387748, at *4). The Court will therefore order Admiral to comply with Request for Production No. 1.

The Defendants' requests for production of Admiral's claim and coverage files (ECF No. 38-9, Req. Nos. 2 & 3) are, at a minimum, relevant to their counterclaims. The Defendants allege in substance that Admiral withdrew its defense without first conducting an adequate investigation (ECF No. 23, ¶¶ 78-84); mismanaged the Voigt lawsuit (*id.* ¶¶ 86-106); and failed properly to consider whether Voigt's allegations of injury to her scalp and forehead merited a different coverage analysis. (*Id.* ¶¶ 107-18.) Admiral's claim and coverage files will likely shed light on these allegations and, therefore, are relevant in the Rule 26 sense. Admiral protests that the

counterclaims are unmeritorious, but it is well established that discovery ordinarily should not "be denied because it relates to a claim or defense that is being challenged as insufficient." Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed.) (citing cases). The Court will therefore order Admiral to comply with Request for Production Nos. 2 and 3 – and also with Request Nos. 9 and 10, which inquired after the identities of Admiral's decisionmakers and notes of any coverage meetings.

Conversely, the Defendants have not demonstrated the relevance of Request for Production Nos. 6 (policies and procedures manuals) or 13 (similar cases) to any claim or defense that has been pled in this case. *Bagley v. Yale Univ.*, 315 F.R.D. 131, 144 (D. Conn. 2016) (discovery-seeking party bears the burden of demonstrating relevance). Furthermore, the Defendants are not entitled to relief with respect to:

> a) Request No. 4, which sought disclosure of expert opinions, because Admiral has represented that it has no such documents and, if it develops them in the future, will disclose them in accordance with Fed. R. Civ. P. 26(a)(2);
>
> b) Request No. 5, which sought disclosure of Admiral's communications with the Sprague Israel insurance brokerage, because the Defendants do not deny that Sprague Israel is their agent, and because Admiral represented at oral argument that it will not oppose any production request the defendant may make to its own broker;[2]

---

[2] Curiously, Admiral contended that Sprague Israel was the Defendants' agent (ECF No. 39, at 8), yet simultaneously claimed attorney-client privilege as to its communications with the firm. (ECF No. 38-9, Resp. to Req. No. 5.) During oral argument, Admiral's counsel withdrew the attorney-client privilege claim.

    c) Request No. 7, which sought disclosure of Admiral's communications with MMM, because Admiral represents that the Defendants may obtain all such communications directly from their attorneys at MMM, and that it does not assert any privilege with respect to them;

    d) Request Nos. 8, 11 or 12, because Admiral says without contradiction that the Defendants already have the requested documents or have received them as exhibits to the pending summary judgment motion.

Finally, the Court declines to order any further compliance with Interrogatories 1-6 because Admiral's counsel represented at oral argument that its responses are complete and have been signed by the client pursuant to Fed. R. Civ. P. 33(b)(5), or with Interrogatory No. 7 because the Defendants have not demonstrated its relevance.

The Defendants' Motion to Compel (ECF No. 38) is accordingly **GRANTED IN PART AND DENIED IN PART.**  The motion is granted to the extent that Admiral is ordered to comply with Request for Production Nos. 1, 2, 3, 9 and 10 by January 26, 2021.[3] *See* D. Conn. L.R. 37(d) (unless Court orders otherwise, compliance with discovery orders to be made within fourteen days).  The motion is denied to the extent that it sought an order of further compliance with Request for Production Nos. 4, 5, 6, 7, 8, 11, 12 and 13, and with Interrogatories 1-7.

This is not a Recommended Ruling.  It is a ruling by a magistrate judge on a "nondispositive motion[] . . . . relating to discovery," D. Conn. L. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A);

---

[3]     Admiral may withhold any document that qualifies for protection under the attorney-client privilege or work product doctrine.  If it does so, it must log each such document on a privilege log that complies with Local Rule 26(e), and serve that log on Defendants' counsel by January 26, 2021.  Any privilege claim not logged by that date may be deemed waived.  *See Imperati v. Semple*, No. 3:18-cv-01847 (RNC/TOF), 2020 WL 4013304, at *6 (D. Conn. July 16, 2020).

Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

So ordered this 12th day of January, 2021, at Hartford, Connecticut.


*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge