**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | : : | |
|     Plaintiff, | : : | CIVIL CASE NO. 3:20-CV-0568 (JCH) |
| v. | : : | |
| VERSAILLES MEDICAL SPA, LLC, ET AL., | : : | |
|     Defendants. | : | NOVEMBER 29, 2021 |

**RULING ON MOTION TO AMEND (DOC. NO. 65), MOTION TO STRIKE (DOC. NO 70), AND MOTION TO SEAL (DOC. NO. 69)**

The Motion to Amend (Doc. No. 65) is granted. While generally this court does not allow amendments after the filing of a Motion for Summary Judgment, in this case, the court finds the defendants have made a showing of good cause. A non-party, not controlled by the defendants, has submitted an Affidavit which states the affiant <u>did not send</u> an email to the defendants. It is that purported email which forms the basis for Admiral's denial of coverage and reservation of rights. While the affiant testified under oath at her deposition that she had sent the email in question to the defendants, upon further investigation, she now swears she did not. While all this raises serious issues concerning her credibility, the court is reluctant to prevent the defendants from amending in order to defend on the ground that no email was received. The court finds the defendants acted diligently in light of the affiant's disclosure. <u>Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.</u>, 850 F. App'x 38, 43 (2d Cir. 2021) (summary order).

As the Second Circuit has held:

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party

1

> to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block, 988 F.2d at 350). A litigant may be "prejudiced" within the meaning of the rule if the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350. However, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Nor can complaints of "the time, effort and money . . . expended in litigating [the] matter," without more, constitute prejudice sufficient to warrant denial of leave to amend. Id. at 351.

Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017).  The court finds that while the plaintiff has expended "time, effort, and money" in litigating this matter, that is insufficient to justify a denial of the Motion to Amend to permit the defendants to defend their case of the affiant's current recollection, based on a search of her computer.

The Motion to Strike the Affidavit of Marie Saade ("Saade") (Doc. No. 70) is denied.  While the plaintiff is partially correct that Saade's Affidavit is based on hearsay, it is also based on Saade's current recollection that no email was received.  Saade's prior statement did not address receipt of the email but rather whether the language of the email constituted a "claim."  Further, the Affidavit of Saade is considered here by the court in connection with a Motion to Amend and a "good cause" or "diligence" standard, not under Federal Rule of Civil Procedure 56, which requires facts to be supported by evidence admissible at trial.

The Motion to Seal (Doc. No. 69) is granted in part. The plaintiff is ordered to redact identifying information from the exhibit and docket that redacted document on the public docket. The original unredacted document shall be filed under seal.

**SO ORDERED.**

Dated at New Haven, Connecticut this 29th day of November 2021.

                                                        /s/ Janet C. Hall  
                                                     Janet C. Hall  
                                                     United States District Judge